# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1599V
(not to be published)

| | |
|---|---|
| MICHELE BERNARDO,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 22, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Christine Mary Becer, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On October 16, 2018, Michele Bernardo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Shoulder Injury Related to Vaccine Administration as a result of her October 21, 2015 influenza vaccination. (Petition at 10-12). On July 2, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 36).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated August 19, 2020 (ECF No. 41), requesting a total award of $16,549.76 (representing $16,022.90 in fees and $526.86 in costs) incurred by Petitioner's attorney Maximillian Muller, and the firm of Muller Brazil. Additionally, Petitioner requests a total award of $26,198.37 (representing $24,780.00 in fees and $1,418.37 in costs) incurred by former counsel Suzanne Tighe and the firm of Haggerty, Goldberg, Schleifer and Kupersmith, P.C. (HGSK). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. (*Id.* at 2). Respondent reacted to the motion on September 2, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case but deferring the calculation of the proper amount to be awarded to my discretion. (ECF No. 42). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests. I find the fees and costs requested from Petitioner's current counsel and firm to be reasonable, and I therefore award the full amount of $16,549.76. However, after review of the fees and costs incurred by Petitioner's prior counsel, Suzanne Tighe and the firm of HGSK, I award the reduced amount of $4,420.62 (representing $4,045.00 in attorney fees and $375.62 in costs), for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

Billing invoices provided by former attorney Suzanne Tighe set forth the work performed prior to this case's Vaccine Program initiation, for the preparation, filing and litigation of a civil matter against Petitioner's employer in the county court of Philadelphia. (ECF No. 41 at 20). As a general matter, however, fees and costs for civil matters are not reimbursable in the Vaccine Program. Rather, under the Vaccine Program, reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." § 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.,* No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). "[R]esearch conducted to explore petitioner's civil remedies . . . are not tasks related to the proceedings on this vaccine claim," and thus, should not be compensated. *Krause*, 2012 WL 4477431, at *6. But the fact that an attorney refers a matter to other counsel who later are directly responsible for the claim's filing and prosecution is not itself a reason to deny fees. *Barrett v. Sec'y of Health & Human Servs.*, No. 09-389V, 2014 WL 2505689, at *14 (Fed. Cl. Spec. Mstr. May 13, 2014).

Upon a deep review of Ms. Tighe's invoices, it became apparent that there are several tasks that were associated with requesting medical records and preparing the petition which are compensable by the Program. Thus, she may receive fees for such work – but not for distinguishable work performed in connection with the filing of a state court action.

Ms. Tighe billed at the rate of $350 per hour for all time billed from 2017 – 2020, for a total of 70.8 hours. (ECF No. 41 at 30). Petitioner's motion states that Ms. Tighe has been a licensed attorney since 1997, giving her 23 years of experience as of 2020. (*Id. a*t 2). Although Ms. Tighe has not been counsel of record to date in any matter before this Court, I find her requested rate to be appropriate and award it herein.[3]

---

[3] To date, Ms. Tighe still does not have any cases pending in the Vaccine Program.

3

I will, however, reduce her fees in two respects. First, for the reasons stated above, 58.10 hours of Ms. Tighe's time appear to have been devoted to non-reimbursable work on the state court claim, and so she will not be reimbursed for that time. Second, of the 12.70 hours remaining, it appears several tasks billed by Ms. Tighe are considered more paralegal and should be paid at a corresponding rate. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). For tasks that would be considered paralegal I will award a rate of $150 per hour.

Based upon my review of the billing invoices, there are only 12.7 hours of attorney time on what is considered work that may be compensated by the Program, with two hours of that time billed on paralegal tasks associated with vaccine work. This results in a total award of attorney fees in the amount of **$4,045.00**.[4]

## ATTORNEY COSTS

Just as with attorney fees, costs associated with civil procedures are not reimbursable in the Vaccine Program. Petitioner requests $1,418.37 in costs incurred by HGSK. (ECF No. 41 at 31). This amount is comprised of obtaining medical records, exhibit supplies and the Philadelphia Court's filing fee. The only costs that are eligible for reimbursement are the costs associated with obtaining Petitioner's medical records. I will award costs for the medical records with proper documents provided. This results in an award of costs in the amount of **$375.62**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). **Accordingly, Petitioner is awarded the total amount of $20,970.38[5] as follows:**

---

[4] This amount consists of ($350 x 10.7 = $3,745) + ($150 x 2 = $300) = $4,045.00.

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

4

- **A lump sum of $16,549.76, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Muller Brazil, LLP; and**

- **A lump sum of $4,420.62, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Haggerty, Goldberg, Schleifer and Kupersmith, P.C.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.